# JOHN ATKIN, APPELLANT, *v.* ALPHONZO PITCHER AND JOSHUA R. PETTIT, RESPONDENTS.

*Costs on appeal from a justice's court — when governed by the old Code.*

After September 1, 1880, the defendant appealed to a county court from a judgment recovered against him, before that date in a justice's court. The plaintiff having recovered a judgment for six cents damages in the county court:

*Held,* that the rights of the parties to costs were to be determined by section 371 of the old Code and not by section 3070 of the Code of Civil Procedure.

*Matter of Estate of Weston* (91 N. Y., 502, affirming S. C., 27 Hun, 461), followed; *Garling* v. *Ladd* (27 Hun, 112) overruled.

APPEAL from an order of the Cattaraugus County Court, made in an action originally commenced in a Justice's Court.

*E. D. Northrup,* for the appellant.

*William G. Laidlaw,* for the respondents.

BARKER, J.:

The plaintiff recovered a judgment in a Justice's Court for the sum of $200, prior to the 1st day of September, 1880. After that day, and within the time required by law, the defendant appealed to the County Court, and in his notice of appeal he stated,

as one of the grounds of his appeal, that upon all the facts proved before said justice the plaintiff was not entitled to recover a judgment. In the County Court a new trial was had before a jury and the plaintiff recovered six cents damages. Thereupon the plaintiff taxed his costs at $101, and the same were inserted in the judgment-roll and made a part of the recovery against the defendant. The defendants then moved the County Court that the plaintiff's costs be stricken from the judgment-roll, and that they be allowed costs as against the plaintiff. This motion was granted by the County Court, and the order entered thereon is the one appealed from.

This action originated in a Justice's Court and was pending at the time the Code of Civil Procedure went into effect, as the appeal to the County Court is in no sense the commencement of an action, but is a proceeding in a pending action to reform the judgment entered thereon. (*Kincaid* v. *Richardson*, 25 Hun, 237.) It is claimed by the plaintiff that section 371 of the old Code is in force so far as this action is concerned; and if this position is correct, then he is entitled to costs as the defendant admits. (*Beard* v. *Cridler*, MS. opinion of MACOMBER, J., Fourth Dept., October, 1882; *Jones* v. *Cook*, 11 Hun, 230; *Wadley* v. *Davis*, 43 How., 82.)

If this section was repealed and was not then in force and applicable to actions then pending, then by the provisions of section 3070 the defendant is entitled to costs, and this the plaintiff concedes. We are of the opinion that section 371 of the old Code remains in effect and is applicable to this action; and such has been the ruling of the Court of Appeals in a case presenting a similar question. By subdivision 11, section 3347, so much of chapters 18 and 19 as regulates the proceedings to be taken in an action or special proceedings, and the effect thereof applies only to an action or special proceedings commenced on or after the 1st day of September, 1880, excepting in some particulars which it is not important to mention. As this action was pending at the time the repealing act was adopted, and the appeal was a proceeding in that action, and section 3070 is found in chapter 19, by the very terms of the act the new provision is not applicable to the pending case.

*In the Matter of the Estate of Weston* (27 Hun, 461) proceedings were instituted in the Surrogate's Court in the county of New York, in July, 1877, for the final accounting of an executor, and the

decree was entered thereon in October, 1880. A question was presented whether the costs in the Surrogate's Court should be taxed in pursuance of the provisions of the Code of Civil Procedure or of the old Code, and it was held that chapter 18 is made applicable only to an action or special proceedings commenced on or after September 1, 1880. On appeal to the Court of Appeals (91 N. Y., 502) the same construction was given to the repealing statute. We regard these decisions as giving a construction to the section involving the question before us and they should be followed. The General Term case of *Garling* v. *Ladd* (27 Hun, 112) is a ruling directly the other way, but must be regarded as overruled by the decision of the Court of Appeals.

The order of the County Court striking out the plaintiff's costs and directing that costs be allowed the defendants is reversed, with ten dollars costs and disbursements.

Present — SMITH, P. J.; HARDIN and BARKER, JJ.

Order reversed, with ten dollars costs and disbursements.